UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY LOTT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CREDIT KARMA, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-02837-JST<br><br>**ORDER GRANTING MOTION TO STAY AND TERMINATING MOTION TO DISMISS**<br><br>Re: ECF Nos. 27, 29 |

Before the Court are Defendant Credit Karma, Inc.'s motion to stay, ECF No. 27, and Credit Karma's motion to dismiss the first amended complaint, ECF No. 29. The Court will grant the motion to stay and terminate the motion to dismiss without prejudice to re-noticing or re-filing.

I.  **BACKGROUND**

Plaintiff Tiffany Lott filed an amended class action complaint on July 6, 2020, asserting a claim under the Telephone Consumer Protection Act ("TCPA"), 48 U.S.C. § 227. ECF No. 23 ¶¶ 30-32. The TCPA prohibits companies from using an automatic telephone dialing system ("ATDS") to make calls or send text messages without the recipient's consent. Lott alleges that Credit Karma, a company that provides credit-related services, sent her several unsolicited text messages using an ATDS. *Id.* ¶¶ 5-17. These text messages were sent from short code 837-401, and stated "Your Credit Karma code is . . . . It expires after 5 minutes." *Id.* ¶¶ 6-14. Lott alleges that Credit Karma "sent substantively identical unsolicited text messages *en masse* to . . . thousands of consumers," and brings this action on behalf of herself and all others similarly situated. *Id.* ¶ 18. Lott has characterized the text messages she received as "account security and authentication text messages." ECF No. 32 at 5.

Credit Karma now moves to stay this case pending the Supreme Court's review of *Duguid*

*v. Facebook, Inc.*, 925 F.3d 1146 (9th Cir. 2019), *cert. granted in part*, 2020 WL 3865252 (U.S. July 9, 2020) (No. 19-511) ("*Duguid*"). ECF No. 27.[1] Credit Karma has also filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6). ECF No. 29. Lott opposes both motions. ECF Nos. 32, 33.

## II.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV.   DISCUSSION

The Court finds good cause to stay this case pending resolution of *Duguid*.

*Duguid*, which was originally filed in this Court, involves a TCPA claim arising from

---

[1] Credit Karma requests that the Court take judicial notice of the Declaratory Ruling from the Federal Communications Commission issued on June 24, 2020, titled *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, P2P Alliance Petition for Clarification*, DA 20-670. ECF No. 28. "It is appropriate to take judicial notice of" information "made publicly available by government entities" when "neither party disputes the authenticity . . . or the accuracy of the information." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). The Court grants the request for judicial notice.

security and authentication text messages very similar to those Lott describes in her amended complaint. Duguid alleges that Facebook "maintains a database of phone numbers and . . . programs its equipment to automatically generate messages to those stored numbers" to notify users when a Facebook account is accessed from an unrecognized device or browser. *Duguid*, 926 F.3d at 1151. This Court granted Facebook's motion to dismiss, reasoning that Duguid failed to properly allege that Facebook uses an ATDS because Facebook "directly target[ing] selected users based on the input of users and when certain logins were attempted" is inconsistent with the definition of an ATDS under the TCPA. *Duguid v. Facebook, Inc.*, No 15-cv-00985-JST, 2017 WL 635117, at (N.D. Cal. Feb. 16, 2017). The Ninth Circuit reversed, holding that Duguid "sufficiently plead[ed] that Facebook sent Duguid messages using 'equipment which has the capacity . . . to store numbers to be called . . . and to dial such numbers,'" as required by the TCPA. *Duguid*, 926 F.3d at 1151.

As Lott acknowledges, *Duguid* "confirmed [the] applicability" of the TCPA's definition of an ATDS to "account security and authentication text messages – like those here," and "rejected . . . precisely the argument Defendant advances here – that unsolicited account security and authentication text messages by their nature could not have been sent using an ATDS." ECF No. 32 at 5; ECF No. 33 at 8. But the Supreme Court has now granted certiorari in *Duguid* to consider "whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" Petition for Writ of Certiorari at ii, *Facebook, Inc. v. Duguid*, 2019 WL 5390116 (U.S. October 17, 2019) (No. 19-511). Given the similarities between the underlying conduct in *Duguid* and the conduct alleged here, the Supreme Court's resolution of *Duguid* will clarify the applicability of the TCPA to this case. Moreover, regardless of how *Duguid* is decided, the decision will provide guidance on a central question raised by Credit Karma's motion to dismiss: whether Lott's amended complaint has sufficiently established under the TCPA that Credit Karma used an ATDS to send text messages to Lott. ECF No. 29 at 12-14.

The potential impact of *Duguid* on Credit Karma's pending motion to dismiss distinguishes this case from those in which this Court has denied a stay pending other proceedings.

3

*See, e.g.*, *Glick v. Performant Fin. Corp.*, No. 16-cv-05461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) ("Defendant will still be required to produce discovery to settle the factual disputes regarding its autodialing technology no matter the results from the appeals or the Petition."); *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) ("The parties are now engaged in discovery and, as this Court has previously noted, 'discovery in this case will be required regardless of the outcome in [the other pending case].'"). Lott argues that discovery will be necessary "regardless of the outcome of *Duguid*," ECF No. 32 at 5, because her Complaint "already alleges the use of an ATDS regardless of how that term is ultimately interpreted." *Id.* at 4. But if the Supreme Court embraces Facebook's argument that the TCPA does not apply to unsolicited account security and authentication text messages, Lott's allegations, which she acknowledges are based on the same type of conduct, may also fail. *Id.* at 5. And even if *Duguid* is not dispositive, guidance from the Supreme Court regarding the TCPA's definition of an ATDS will simplify a threshold issue in this case. *See Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015).

The relative hardships also weigh in favor of a stay. It is true that, standing alone, the desire to avoid "costs of further litigation" does not establish hardship or inequity on behalf of a party seeking a stay. *Glick*, 2017 WL 786923, at *2. However, as explained above, the orderly course of justice dictates that *Duguid* should be decided first, as that case addresses a central question at issue in this one. In the event that *Duguid* is dispositive of Lott's claim, both parties would be harmed by continuing this litigation. *See Wolf*, 2015 WL 4455965, at *2. Further, this stay is temporary and not "indefinite." ECF No. 32 at 8. Because the Supreme Court "will resolve [*Duguid*] in its next term, and the stay will have a finite duration," the potential damage of the stay is minimized. *Wolf*, 2015 WL 4455965, at *2.

## CONCLUSION

For the foregoing reasons, Credit Karma's motion to stay is granted. This case is stayed pending the Supreme Court's resolution of *Facebook, Inc. v. Duguid et al.*, No. 19-511. Credit Karma's motion to dismiss is administratively terminated, without prejudice to re-noticing or re-

1  filing, if appropriate, after the stay is lifted.  The parties shall file a notice with this Court within
2  seven days of the Supreme Court issuing a ruling in, or otherwise disposing of, *Duguid*, requesting
3  the setting of a case management conference.
4  **IT IS SO ORDERED.**
5  Dated:  September 10, 2020



JON S. TIGAR
United States District Judge